IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARLO HELMSTETTER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:22cv00617 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MR. STREEVAL, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Respondent. ) | |

Petitioner Marlo Helmstetter, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Helmstetter challenges the validity of his federal sentences imposed in 1993 by the United States District Court for the Eastern District of Louisiana. The respondent has moved to dismiss the petition for lack of jurisdiction. (ECF No. 7.) Given the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), the court will grant the respondent's motion and dismiss the petition without prejudice.

## I.

In 1993, Helmstetter was convicted of conspiring to possess cocaine with intent to distribute, two counts of murder in aid of racketeering activity, aggravated assault in aid of racketeering activity, and using and carrying a firearm in aid of drug trafficking activity. *United States v. Helmstetter*, No. 2:92cr00469 (E.D. La. Aug. 27, 1993). The court sentenced Helmstetter to 240 months, three life sentences, and 60 months, respectively, all to be served consecutively. The United States Court of Appeals for the Fifth Circuit affirmed all counts on appeal. *United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995). Later, in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the district court vacated Helmstetter's conviction and 60-

month sentence for using and carrying a firearm in aid of drug trafficking activity, under *Bailey v. United States*, 516 U.S. 137 (1995). *United States v. Helmstetter*, No. 2:92cr00469 (E.D. La. Jul. 29, 1997). Helmstetter's other convictions and sentences remained.

Helmstetter is now incarcerated at USP Lee in Lee County, Virginia. In October 2022, he filed the pending petition under 28 U.S.C. § 2241. In the petition, Helmstetter seeks to be resentenced based on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021), in which the Court interpreted the Armed Career Criminal Act's definition of "violent felony" to exclude crimes that require only a *mens rea* of recklessness. Relying on *Borden*, Helmstetter argues that his convictions and sentences for two counts of murder in aid of racketeering activity and aggravated assault in aid of racketeering activity are no longer valid. Accordingly, he requests that his sentences on these convictions be vacated and corrected.[1]

The court previously stayed the case pending the Supreme Court's decision in *Jones v. Hendrix*. After the Supreme Court issued its decision, the court lifted the stay, and the respondent moved to dismiss the petition. Helmstetter has not responded to the motion to dismiss, and the time for doing so has expired.

## II.

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). A prisoner's ability to utilize § 2255 is limited, however, when

---

[1] Helmstetter also requests that his sentence on the conviction for using and carrying a firearm in aid of drug trafficking activity be vacated, but that conviction and sentence were already set aside as a result of his 1997 § 2255 motion. *United States v. Helmstetter*, No. 2:92cr00469 (E.D. La. Jul. 29, 1997).

the prisoner seeks to file a "second or successive" motion. Under § 2255(h), such motions are barred unless they are certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 599 U.S. at 469.

Section 2255 also includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.'" *Id.* § 2255(e). In *Jones*, the Supreme Court was presented with the question of whether the limitation on second or successive § 2255 motions renders § 2255 "inadequate or ineffective," such that a federal prisoner may proceed with a statutory claim under § 2241. 599 U.S. at 470. The Court answered this question in the negative, holding that "the savings clause does not authorize . . . an end-run around" the "two—and only two— conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). *Id.* at 478. Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.*; *see also id.* at 474 (providing examples of such "unusual circumstances" including "the sentencing court's

dissolution"). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." *Id.* at 480. Therefore, "[i]f a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction.'" *Wiggins v. Warden FMC Butner*, No. 5:23-HC-02050-M, 2023 U.S. Dist. LEXIS 119051, *2 (E.D.N.C. Jul. 11, 2023) (quoting *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)).

In the current action, Helmstetter seeks to collaterally attack the validity of his sentence based on the Supreme Court's decision in *Borden*. "Because *Borden* is a statutory interpretation decision, § 2255(h) does not permit [him] to file a successive § 2255 motion, and *Jones* forecloses the possibility of filing a § 2241 habeas petition via § 2255(e)." *Diaz v. United States*, No. 7:22cv240, 2023 U.S. Dist. LEXIS 158454, *5 (W.D. Va. Sept. 7, 2023) (quoting *Hogsett v. Lillard*, 72 F.4th 819, 821 (7th Cir. Jul. 7, 2023)). That Helmstetter's claim does not satisfy either of the requirements for filing a second or successive § 2255 motion does not "make[] § 2255 'inadequate or ineffective' such that [he] may proceed . . . under § 2241." *Jones*, 599 U.S. at 470. Additionally, Helmstetter has not identified any "unusual circumstances" that would make it "impossible or impractical for [him] to seek relief from the sentencing court." *Id.* at 474. Consequently, his petition does not satisfy the savings clause of § 2255, and he cannot proceed with his claim under § 2241.

## III.

For the reasons discussed, the court will grant the respondent's motion to dismiss and dismiss Helmstetter's petition without prejudice for lack of jurisdiction.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 1st day of November, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE